# In The United States District Court
## For The District Of Delaware

| | |
|---|---|
| Network Managing Solutions, LLC,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>AT&T Inc. and AT&T Mobility, LLC,<br><br>　　　　　Defendant. | No. 16-cv-295 (RGA) |
| Network Managing Solutions, LLC,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>Sprint Corporation and Sprint Spectrum L.P.,<br><br>　　　　　Defendant. | No. 16-cv-296 (RGA) |
| Network Managing Solutions, LLC,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>T-Mobile USA, Inc.,<br><br>　　　　　Defendant. | No. 16-cv-297 (RGA) |
| Network Managing Solutions, LLC,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>United States Cellular Corporation d/b/a/ U.S. Cellular<br><br>　　　　　Defendant. | No. 16-cv-298 (RGA) |

| | |
|---|---|
| NETWORK MANAGING SOLUTIONS, LLC, <br> Plaintiff, <br> v. <br><br> VERIZON COMMUNICATIONS INC. and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, <br> Defendant. | No. 16-CV-299 (RGA) |

### MEMORANDUM ORDER

Defendants have moved under Federal Rule of Civil Procedure 12(b)(6) for dismissal of all the claims in suit. There are five separate complaints but the complaints are, in relevant parts, the same. Defendants' motions (No. 16cv295 D.I. 7; No. 16cv296 D.I. 7; No. 16cv297 D.I. 7; No. 16cv298 D.I. 7; No. 16cv299 D.I. 9) are **GRANTED**.

Defendants' motion to dismiss Plaintiff's direct infringement claim is **GRANTED**. Plaintiff makes three primary allegations related to infringement. First, Plaintiff identifies at least one claim from each asserted patent that it alleges Defendants infringed. Second, Plaintiff alleges that the 3rd Generation Partnership Project Standards incorporate the technologies covered by the patents. Third, Plaintiff also alleges on information and belief that Defendants adopted the 3GPP standards.

The first and third allegations are sufficient. In particular, Plaintiff cannot be expected to allege more about Defendants' use of the patented technology as

2

Defendants keep information about their own technology secret and Defendants do not offer some public product that can be reverse engineered.

The second allegation, however, is incomplete. Plaintiff knows its own patents. The standards are public. Saying on "information and belief" that the standards "incorporate the fundamental technologies" covered by the patents, without more, is insufficient to plausibly allege that to practice the standard necessarily means that a defendant also practices the patent.

Defendants' motion to dismiss Plaintiff's indirect infringement claims is **GRANTED**. There are additional reasons to grant dismissal of the allegations of indirect infringement. First, Plaintiff has failed to identify in any manner, directly or by implication, some third party that actually infringes. Second, Defendants' participation in standard setting does not create a plausible claim Defendants possessed specific intent to induce another's infringement.

Defendants' motion to dismiss Plaintiff's willful infringement claims is **GRANTED**. As explained, Plaintiff has not adequately pled direct infringement. Otherwise, Plaintiff's allegations about Defendants' knowledge of the patent through its licensing attempts would adequately allege a claim of willful infringement.

Defendant Verizon Communications Inc. (VCI) has moved for dismissal of all claims against it because it is a holding company that does not make or sell any products or services in Delaware. While ultimately this may be grounds for judgment against Plaintiff and grounds for a § 285 motion, Rule 12(b)(6) requires

me to consider only the pleadings. Because I have granted the motion on other grounds, however, I do not need to reach this issue.

The dismissal is without prejudice. Plaintiff is granted three weeks to file an amended complaint.

**IT IS SO ORDERED** this _3_ day of February 2017.

_Richard G. Andrews_
United States District Judge

4