IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NETWORK MANAGING SOLUTIONS, LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 16-295-RGA-MPT ) |
| AT&T INC., (terminated) and AT&T MOBILITY, LLC, | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On April 25, 2016, plaintiff, Networking Management Solutions, LLC ("NMS"), filed this action against defendants AT&T Inc.[1] and AT&T Mobility, LLC, alleging infringement of U.S. Patent No. 6,351,213 (the '213 patent"), U.S. Patent No 6,420,968 ("the '968 patent"), U.S. Patent No. 6,728,688 ("the '688 patent"), and U.S. Patent 6,553,099 ("the '099 patent").[2]  On February 22, 2017, plaintiff filed a second amended complaint.[3]  Plaintiff seeks a permanent injunction of all allegedly infringing activities by defendant and damages as a result of the infringement.[4]  On March 8, 2017, defendants filed a motion to dismiss Counts I and III pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted in response to plaintiff's second

---

[1] On July 27, 2017, pursuant to the parties' stipulation, the court ordered the dismissal of defendant AT&T Inc. from this action without prejudice.  See D.I. 48.  In this Report and Recommendation, "defendant" refers to AT&T Mobility.
[2] D.I. 1.
[3] D.I. 17.
[4] Id. at ¶ 65.

amended complaint.[5]

Pending before this court is defendant's Rule 12(b)(6) motion (D.I. 18) and defendant's motion for the court to take judicial notice of certain exhibits (D.I. 22). This Report and Recommendation addresses whether plaintiff sufficiently stated its patent infringement claims in Counts I and III, and whether the court may take judicial notice of certain exhibits. For the reasons stated below, it is recommended that the defendants' motion to dismiss be granted and defendant's motion for the court to take judicial notice be denied.

## II.   BACKGROUND

### A.   Parties

Plaintiff is a limited liability company formed under the laws of Delaware with its principal place of business in Costa Mesa, California.[6] Defendant AT&T Inc. is a corporation existing and organized under the laws of Delaware and its principal place of business is located in Dallas, Texas.[7] Defendant AT&T Mobility LLC is a limited liability company existing and organized under the laws of Delaware and its principal place of business is located in Atlanta, Georgia.[8] On July 25, 2017, AT&T Inc. was dismissed from the action without prejudice.[9]

### B.   Patents-in-Suit

Since the issuance of the '213 patent and '968 patent from the United States

---

[5] D.I. 18.
[6] D.I. 17 at ¶ 1.
[7] *Id.* at ¶ 2.
[8] *Id.* at ¶ 4.
[9] D.I. 48.

Patent and Trademark Office ("USPTO") on February 26, 2002 and July 16, 2002, plaintiff asserts it currently holds and has held all rights to the patents by assignment from the inventor Lucian Hirsch.[10] The '213 patent is entitled, "Method and Communication System for Processing Alarms Using a Management Network Involving Several Layers of Management."[11] The '968 patent is entitled, "Method and Communication System for Handling Alarms Using a Management Network that has a Number of Management Levels."[12] Plaintiff further claims, since the issuance of the '688 patent from the USPTO on April 27, 2004, it currently holds and has held all rights to the patent by assignment from the inventors Lucian Hirsch and Alfred Schmidbauer.[13] The '688 patent is entitled, "Method and Communication System for Handling Alarms Using a Management Network Having a Number of Management Levels."[14] Also, plaintiff contends it currently holds and has held all rights to the '099 patent by assignment from the inventor Michael Gundlach since its issuance on April 22, 2003.[15] The '099 patent is entitled, "Device for Indirectly Forwarding Messages in Data and/or Communications Networks."[16]

**C.    3GPP Standards**

3d Generation Partnership Project ("3GPP") unites the different telecommunications standard development organizations and provides mobile

---

[10] D.I. 17 at ¶ 10-11.
[11] *Id.* at ¶ 10.
[12] *Id.* at ¶ 11.
[13] *Id.* at ¶ 12.
[14] *Id.*
[15] *Id.* at ¶ 14.
[16] *Id.*

broadband standards to its members.[17] 3GPP covers cellular telecommunications network technologies and provides complete system specifications.[18] As such, it produces technical specifications relating to network alarm management and lawful intercept technologies.[19] In relationship to network alarm management, 3GPP has set forth requirements entitled, "Telecommunication management, Principles and high level requirements" (Version 8.5) ("TS 32.101"), "Telecommunication management, Fault Management, Part 1: 3G fault management requirements" (Version 8.0) ("TS 32.111-1"), and "Telecommunication management, Fault Management, Part 2: Alarm Integration Reference Point (IRP): Information Services (IS)" (Version 8.1) ("TS 32.111-2").[20] In relationship to lawful intercept technologies, the 3GPP requirements are entitled, "3G security, Lawful Interception requirements" (Version 8.1) ("TS 33.106"), "3G security, Lawful interception architecture and functions" (Version 8.12) ("TS 33.107"), and "3G security, Handover interface for Lawful Interception (LI)" (Version 8.14) ("TS 33.108").[21]

## III. STANDARD OF REVIEW

### A. Motion to Dismiss for Failure to State a Claim

FED. R. CIV. P. 12(b)(6) governs a motion to dismiss a complaint for failure to

---

[17] *About 3GPP Home*, 3GPP.ORG, http://www.3gpp.org/about-3gpp/about-3gpp (last visited Nov. 1, 2017).
[18] *Id.*
[19] *Specifications*, 3GPP.ORG, http://www.3gpp.org/specifications/specifications (updated every three months).
[20] *3GPP Specification series*, 32 series, 3GPP.ORG, http://www.3gpp.org/DynaReport/32-series.htm (last updated Dec. 8, 2016).
[21] *3GPP Specification series*, 33 series, 3gpp.org, http://www.3gpp.org/DynaReport/33-series.htm (last updated Dec. 8, 2016).

state a claim upon which relief can be granted.[22] The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not to resolve disputed facts or decide the merits of the case.[23] "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[24] A motion to dismiss may be granted only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief."[25] While the court draws all reasonable factual inferences in the light most favorable to a plaintiff, it rejects unsupported allegations, "bald assertions," and "legal conclusions."[26]

To survive a motion to dismiss, a plaintiff's factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."[27] Plaintiffs are therefore required to provide the grounds of their entitlement to relief beyond mere labels and

---

[22] FED. R. CIV. P. 12(b)(6).

[23] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

[24] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (citations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.").

[25] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)).

[26] *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."); *see also Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted) (rejecting "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation")).

[27] *Twombly*, 550 U.S. at 555 (citations omitted). *See also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (citation omitted).

conclusions.[28] Although heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged.[29]

A claim has facial plausibility when a plaintiff pleads factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[30] The plausibility standard does not rise to a "probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully."[31] Once stated adequately, a claim may be supported by showing any set of facts consistent with the allegations in the complaint.[32] Courts generally consider only the allegations contained in the complaint, the exhibits attached, and matters of public record when reviewing a motion to dismiss.[33]

### B. Direct Infringement

In *McZeal v. Sprint Nextel, Corp.*,[34] the Federal Circuit held that FED. R. CIV. P. Form 18[35] is sufficient to state a claim of direct infringement.[36] This finding was reiterated in *In re Bill of Lading Trans. & Proc. Sys. Patent Litig.*,[37] where the court

---

[28] *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[29] *Id.* at 570. *See also Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008) ("In its general discussion, the Supreme Court explained that the concept of a 'showing' requires only notice of a claim and its grounds, and distinguished such a showing from 'a pleader's bare averment that he wants relief and is entitled to it.'") (quoting *Twombly*, 550 U.S. at 555 n.3).
[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).
[31] *Id.*
[32] *Twombly*, 550 U.S. at 563 (citations omitted).
[33] *See, e.g., Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).
[34] 501 F.3d 1354 (Fed. Cir. 2007)
[35] Form 18 is the descendant of Form 16, as discussed in *McZeal*, 501 F.3d 1354. Form 18 became effective December 1, 2007.
[36] *McZeal*, 501 F.3d at 1356.
[37] 681 F.3d 1323 (Fed. Cir. 2012).

stated "to the extent . . . that *Twombly* and its progeny conflict with the Forms and create different pleading requirements, the Forms control."[38] Effective December 1, 2015, Form 18 was abrogated, leaving direct infringement claims subject to the *Twombly* and *Iqbal* pleading standard.

Under 35 U.S.C. § 271(a), direct infringement of a patent occurs when someone "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent."[39] In *Fujitsu Ltd. v. Netgear Inc.*,[40] the Federal Circuit held that district courts could "rely on an industry standard in analyzing infringement."[41]

### C. Motion for the Court to Take Judicial Notice

Generally, a district court ruling on a motion to dismiss cannot consider matters outside of the pleadings.[42] However, courts may consider documents that are "incorporated into the complaint by reference, and matters of which a court may take judicial notice."[43] The rationale underlying the general rule is that looking to outside documents creates lack of notice to the plaintiff.[44] However, under the exception, the

---

[38] *Id.* at 1334.
[39] 35 U.S.C. § 271(a) (2010).
[40] 620 F.3d 1321, 1327 (Fed. Cir. 2010)
[41] *Id.* (following approach in *Dynacore Holdings Corp. v. U.S. Phillips Co.*, 363 F.3d 1263 (Fed. Cir. 2004)).
[42] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citing *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985)).
[43] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). *See also Burlington*, 114 F.3d at 1426 (stating that document "integral to or explicitly relied upon in the complaint" may be considered without motion to dismiss becoming motion for summary judgement (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).
[44] *Burlington*, 114 F.3d at 1426.

lack of notice issue is eliminated because the plaintiff "has actual notice . . . and has relied upon these documents in framing the complaint."[45] Allowing these particular outside documents prevents either party from extracting isolated statements which may be misleading.[46]

### 1. Judicial Notice

Under FED. R. EVID. 201(b), the court may judicially note a fact "that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[47] Public records are one type of document that courts can judicially notice.[48] An important factor is whether the public has unqualified access to all of these documents.[49] Courts have determined that certain public records meet these requirements, including criminal case dispositions such as convictions or mistrials, letter decisions of government agencies, and published reports of administrative bodies.[50]

### 2. Integral Documents

Documents that are "integral to or explicitly relied upon in the complaint" may be considered without turning the motion to dismiss into a motion for summary judgement.[51] In determining whether a document is integral to the complaint, the court

---

[45] *Id.* (quoting *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993)).
[46] *Id.* at 1426 (citing *Shaw*, 82 F.3d at 1220).
[47] FED. R. EVID. 201(b).
[48] *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998).
[49] *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993).
[50] *Id.*
[51] *Burlington*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220).

must ascertain whether the complaint is "based on" the outside document.[52] This approach meets the rationale behind the general prohibition of outside documents because the plaintiff would have actual notice of a document on which he relied in his complaint.[53]

## IV. ANALYSIS

### A. Parties' Contentions

Defendant asserts that plaintiff's second amended complaint fails to state a claim because, under a standards-based infringement action, it must show that every implementation of the standard violates the patents.[54] Defendant argues the 3GPP Fault Management Standard does not require performing the actions protected under the '688 and '213 patents because the standard specifies a particular result, not the ways in which to achieve this result.[55] In addition, defendant notes plaintiff's original complaint alleged that defendant infringed the patents by using the CMIP solution set.[56] However, this set was discontinued by 3GPP in 2007, and AT&T has not used the set.[57] Defendant reasons that the misinformation in the original complaint plus the fact that the second amended complaint does not cite to any section of the current solution sets shows the implausibility of plaintiff's claims.[58]

On the other hand, plaintiff claims it meets pleading requirements because it

---

[52] *Schmidt v. Skolas*, 770 F.3d 241, 249-50 (3d Cir. 2014).
[53] *Burlington*, 114 F.3d at 1426 (quoting *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993)).
[54] D.I. 19 at 8.
[55] *Id.* at 9.
[56] *Id.* at 12.
[57] *Id.*
[58] *Id.*

provides references to specific provisions of the standard and connects them with the corresponding patent infringement claim.[59] In addition, plaintiff argues that defendant's positions fall outside the scope of pleading requirements because defendant is attempting to discuss disputed facts rather than whether plaintiff has provided enough evidence to support its claims.[60] Moreover, while the solution sets (which are not relied upon in the second complaint) do provide alternative solutions, plaintiff maintains the standards stated in the second complaint provide the requirements for all fault management systems.[61] In the alternate, plaintiff asks the court for leave to amend the second complaint.[62]

### B. Judicial Notice is Unnecessary because the Outside Documents are Integral to the Complaint

While the exhibits are publically available documents, judicial notice is not needed because they are explicitly relied on in the second amended complaint. Exhibits A-G are copies of the specifications relied on by plaintiff in its second amended complaint.[63] Moreover, these specifications make up the standard which plaintiff uses to support patent infringement. Thus, the second complaint is "based on" the documents, and plaintiff has actual notice of them. As the briefs presented by both parties highlight, there is a dispute about what the standards require. Taking judicial notice of the truth of the documents' contents could breach the boundaries of judicial

---

[59] D.I. 26 at 6-7.
[60] *Id.* at 8.
[61] *Id.* at 13.
[62] *Id.* at 13-14.
[63] *See supra* notes 19-20 and accompanying text for descriptions of the different standards; *see also* D.I. 22 at 3-6 (describing each exhibit).

notice.[64] While the court could take judicial notice of the existence of the documents, the court so declines since these documents may be introduced as documents integral to the second complaint, and thereby avoids the possibility of overstepping the boundaries of judicial notice.[65]

### C. Plaintiff Sufficiently Plead Counts I and III Using a Standards-Based Direct Infringement Approach but Employs an Out-of-Date Standard

In the order dismissing the original claims, the court noted that plaintiff identified "at least one claim from each asserted patent that it alleges defendants infringed" and that plaintiff alleged defendants adopted the 3GPP standards.[66] However, plaintiff's claims were insufficient because they failed to provide information to support the allegation that the 3GPP standards are incorporated in the patents.[67]

In the second amended complaint, plaintiff included information from its patents and the standards to show how the patents cover the standards. In Count I, plaintiff alleges the processes used in specifications TS 32.101, TS 32.111-1, and TS 32.111-2 infringe the '213 patent.[68] Specifically, plaintiff states defendant must necessarily practice the '213 patent because the specifications require:

> (i) a network organized hierarchically, wherein a Network Manager (NM) oversees the operation of a Network Element (NE) using a communication interface (N interface or 'Itf-N') . . . (ii) a synchronization procedure is

---

[64] *See Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001) (refusing to take judicial notice of content of meeting minutes because could breach boundaries of judicial notice).
[65] *See id.* (deciding to judicially notice existence of meeting minutes because they were "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").
[66] D.I. 16.
[67] *Id.*
[68] D.I. 17 at ¶ 34-40.

11

required after every start up of the N interface between the NM and the NE, this synchronization procedure between the NM and NE includes the NM triggering a synchronization by sending a request notification to the NE . . . (iii) following receipt of the request notification, the NE sends to the NM information to enable the NM to know which reported alarm data correspond to which synchronization request notification . . . and (iv) the NM specifies filter criteria to the NE for the synchronization . . . .[69]

In Count III, plaintiff contends the processes in specifications TS 32.101, TS 32.111-1, and TS 32.111-2 infringe the '688 patent.[70] Specifically, plaintiff states defendant must necessarily practice the '688 patent because the specifications require:

> (i) a network organized hierarchically, wherein a Network Manager (NM) oversees the operation of a Network Element (NE) using a communication interface (N interface or 'Itf-N') . . . (ii) current alarm information is sent from an NE to more than one NM during a period of time . . . (iii) a synchronization procedure is required after every start up of the N interface between an NE and its relevant NMs, this synchronization procedure between the NE and its NMs includes the NMs triggering a synchronization by sending a request notification to the NE . . . and (iv) following receipt of the request notification from its respective NMs, the NE sends to an NM information to enable the NM to know which reported alarm data corresponds to which synchronization request notification . . . .[71]

Viewing the motion in a light most favorable to plaintiff, it alleges sufficient facts to state a plausible claim because, by showing what the standards require, the standards may be compared with the patents to determine whether defendant, in following these standards, infringes.

While the second amended complaint is sufficiently plead, the standards on which plaintiff relies in Counts I and III range in date from 2009 to 2010.[72] For

---

[69] *Id.* at ¶ 25-26 (citations omitted).
[70] *Id.* at ¶ 48-54.
[71] *Id.* at ¶ 28 (citations omitted).
[72] *See* D.I. 17 at ¶ 19 (noting versions of standards and years of release for TS 32.101, TS 32.111-1, and TS 32.111-2 standards).

12

example, with respect to the TS 32.101 specification, 15 new releases of this specification have occurred since the 8.5 version.[73] While it is unknown whether the relevant information relating to network alarm management has significantly changed in the new releases, there have been substantive changes to the specifications.[74] For this reason, plaintiff should be granted leave to amend the complaint to indicate the specific standards defendant allegedly practices that result in infringement.

**V.    CONCLUSION**

For the foregoing reasons, I recommend that:

(1) Defendants's motion to dismiss Counts I and III for failure to state a claim upon which relief can be granted (D.I.18) be GRANTED.

(2) Defendant's motion for the court to take judicial notice of certain exhibits (D.I. 22) be DENIED.

(3) Plaintiff be granted leave to amend the second amended complaint to include the appropriate versions of the 3GPP standards, with its amendment due within fourteen (14) days after the date for objections has expired, should no objections be filed.

This Report and Recommendation is filed pursuant to 28 U.S.C.

---

[73] *3GPP Specification Series*, 32.101 Portal, 3GPP.ORG, https://portal.3gpp.org/desktopmodules/Specifications/SpecificationDetails.aspx?specificationId=1838 (last updated Sept. 21, 2017).

[74] *See* D.I. 22-1 at 6 (explaining number system of 3GPP version specifications wherein specification is numbered according to 'version x.y.z' where if x is greater than 3 document has been approved and y is "incremented for changes of substance, i.e. technical enhancements, corrections, updates, etc.").

§636(b)(1)(B), FED. R. CIV. P. 72(b)(1), and D. DEL. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Objections and responses are limited to seven (7) pages each.

The parties are directed to the Court's Standing Order in Non-Pro Se Matters for Objections Filed under FED. R. CIV. P. 72, dated October 9, 2013, a copy of which is available on the Court's website, www.ded.uscourts.gov.

Date: November 9, 2017                /s/ Mary Pat Thynge
                                                             Chief U.S. Magistrate Judge